IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DARREL ROUGHTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-00238-W-SRB |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, and TOM AIKMUS, JR., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court is Plaintiff Darrel Roughton's ("Roughton") Motion to Remand. (Doc. #25.) For the reasons set forth below, the motion is GRANTED. This case is hereby remanded to the Circuit Court of Clay County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Clay County, Missouri, as required by 28 U.S.C. § 1447(c).

**I. Background**

The following facts are taken from the Petition. (Doc. #1-1, pp. 3-15.)[1] On March 17, 2018, Defendant Tom Aikmus, Jr. ("Aikmus") held a social gathering at his residence. Roughton attended the gathering as an invited guest. Aikmus had several firearms at the residence and attempted to show Roughton how to take one of the guns apart. As Aikmus took the gun apart, a bullet fired and struck Roughton. Aikmus did not intend to shoot Roughton, but was negligent in his handling of the firearm. Roughton allegedly suffered severe personal and emotional injuries from this incident.

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

Defendant State Farm Fire and Casualty Company ("State Farm") issued a policy of insurance for the residence. The policy allegedly provided coverage for Aikmus related to the shooting. Roughton sent a demand for settlement to State Farm, but State Farm rejected the claim. On November 29, 2018, Roughton filed a personal injury lawsuit against Aikmus in the Circuit Court of Clay County, Missouri. Aikmus requested that State Farm defend and indemnify him, but State Farm denied this request.

Roughton and Aikmus subsequently agreed to binding arbitration and entered into an agreement under Missouri Revised Statute § 537.065.[2] On June 5, 2019, counsel for Aikmus provided State Farm with notice of the agreement. On June 30, 2019, and after an evidentiary hearing, the arbitrator entered an arbitration award in favor of Roughton and against Aikmus in the amount of $11,426,000. On October 30, 2019, the state court entered a final judgment and confirmed the arbitration award.

On February 18, 2020, Roughton filed the pending lawsuit against State Farm and Aikmus in the Circuit Court of Clay County, Missouri. The Petition asserts a single count for equitable garnishment pursuant to Missouri Revised Statute § 379.200. Roughton alleges that the arbitration award has not been satisfied and seeks a judgment against State Farm for the limits of the insurance policy. According to the Petition, Roughton is a citizen of Missouri, State Farm is a foreign insurance company authorized to do business in Missouri, and Aikmus is a citizen of Missouri.[3] (Doc. #1-1, pp. 3-4, ¶¶ 1-2, 4.) The Petition alleges that under § 379.200, "Aikmus is a necessary party to this equitable garnishment as he is an insured under the State

---

[2] Under this statute, "one claiming damages for personal injury or death and a tortfeasor can, in advance of a judgment against the tortfeasor, limit satisfaction of the claim to specified assets of the insured and policies of liability insurance insuring the tortfeasor against the damages claimed." 30 Mo. Prac., Insurance & Law Prac. § 7:46 (2d ed. Nov. 2019 update).

[3] The Petition refers to where Roughton and Aikmus reside. The parties' subsequent filings specify that Roughton and Aikmus are citizens of where they reside, which is Missouri.

2

Farm policy at issue." (Doc. #1-1, p. 4, ¶ 4.) In response to the Petition, Aikmus filed an answer and crossclaim against State Farm for failure to settle and for failure to defend.

On March 29, 2020, State Farm removed the equitable garnishment case from state court to this Court on the basis of diversity jurisdiction. Although Roughton and Aikmus are citizens of Missouri, State Farm argues that Aikmus's citizenship should be disregarded because he is a nominal party. State Farm also contends that Aikmus should be realigned as a plaintiff, which would result in complete diversity. Roughton now moves to remand for lack of diversity jurisdiction, and the parties' arguments are addressed below.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994). As relevant here, federal district courts have original diversity jurisdiction over cases (1) "between . . . citizens of different states" and (2) when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015) (quotations omitted).

If the requirements for diversity jurisdiction are satisfied, a defendant may remove a case filed in state court to federal court. 28 U.S.C. § 1441. The plaintiff may then challenge the propriety of removal through a motion to remand. The removing party bears the burden of establishing federal jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator., Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "[A] district court is required to resolve all

3

Case 4:20-cv-00238-SRB   Document 28   Filed 07/27/20   Page 3 of 7

doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

### III. Discussion

Roughton moves to remand this equitable garnishment action because complete diversity does not exist between him and Aikmus.[4] State Farm responds that Aikmus is a nominal party because "Roughton seeks no relief from him and there is no reasonable basis on which he can be held responsible for any judgment rendered." (Doc. #1, p. 6, ¶ 17; Doc. #27, pp. 12-16.) If Aikmus is a nominal party, then his citizenship is disregarded for purposes of diversity jurisdiction. *See Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 544 (8th Cir. 2015). State Farm further argues that Aikmus should be realigned as a plaintiff because his interest is to have State Farm satisfy the underlying judgment. (Doc. #27, pp. 16-19.)

The equitable garnishment statute at issue, Missouri Revised Statute § 379.200, provides that:

> Upon the recovery of a final judgment against any person . . . for loss or damage on account of bodily injury . . . if the defendant in such action was insured . . . the judgment creditor shall be entitled to have the insurance money . . . applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, **the judgment creditor may proceed in equity against the defendant and the insurance company** to reach and apply the insurance money to the satisfaction of the judgment.

Mo. Rev. Stat. § 379.200 (emphasis supplied).

Because this statute required Roughton to proceed "against [Aikmus] and [State Farm]," the Court rejects State Farm's argument that Aikmus is merely a nominal defendant. Indeed, courts have repeatedly held that the judgment debtor should be joined as a necessary defendant in an equitable garnishment action. *Bulen v. Kudchiwala*, No. 15–CV–00488–SRB, 2015 WL

---

[4] The parties do not dispute that more than $75,000 is at issue in this case. Based on Roughton's allegations, the Court finds that the amount in controversy requirement is satisfied.

5023457, at * 2 (W.D. Mo. Aug. 21, 2015) ("[C]ourts have consistently held that § 379.200 requires plaintiffs to join the judgment debtor in an equitable garnishment action filed pursuant to this statute."); *Reed v. Assurant, Inc.*, No. 13-01183-CV-W-GAF, 2014 WL 12607826, at * 3 (W.D. Mo. Feb. 6, 2014) ("[I]n an action under § 379.200 . . . judgment debtors are statutorily necessary parties."). These courts often rely upon *Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259 (8th Cir. 1993). In *Glover*, the Eighth Circuit explained that "[b]ecause the insurer is entitled . . . to assert any defenses it has against the insured, the Missouri legislature had good reason to require that the judgment debtor be joined in the statutory action, even if that action does not expose the judgment debtor to any risk of additional liability." *Id.* at 261. *Glover* further recognized that "joinder of [the judgment debtor] in this case would destroy diversity jurisdiction." *Id.* Under this case law, the Court finds that Aikmus is not nominal, but a necessary party-defendant.

State Farm's request to realign Aikmus is also rejected. "Courts have repeatedly rejected the argument that judgment debtors sued under § 379.200 can be realigned as plaintiffs for the purposes of creating federal jurisdiction." *Goree v. PV Holding Corp.*, No. 15–CV–202 (CEJ), 2015 WL 2238960, at * 3 (E.D. Mo. May 12, 2015). "By its express terms, § 379.200 requires that suit be brought '*against* the [judgment debtor] and insurance company.'" *Kendall v. Northern Assurance Co. of Am.*, No. 09–0539–CV–W–GAF, 2009 WL 2632757, at * 2 (W.D. Mo. Aug. 25, 2009) (rejecting argument to realign the parties) (emphasis in original); *see also Haines v. Sentinel Ins. Co.*, No. 08–00981–CV–W–FJG, 2009 WL 648894, at * 3 (W.D. Mo. Mar. 11, 2009) (recognizing that "realignment of the non-diverse insured [is] improper because the insured is a necessary party-defendant to a garnishment action under § 379.200"). In accordance with this case law, the Court declines to realign Aikmus as a plaintiff. Because both
5

Roughton and Aikmus are citizens of Missouri, the Court lacks diversity jurisdiction and this case must be remanded.

In its opposition brief, State Farm relies heavily on *Williams v. Employers Mut. Cas. Co.*, 845 F.3d 891 (8th Cir. 2017), and *Russell v. Liberty Ins. Underwriters, Inc.*, 950 F.3d 997 (8th Cir. 2020). According to State Farm, *Williams* and *Russell* support a finding that Aikmus is a nominal party and that diversity jurisdiction exists in this case. Upon review of the case law, the Court finds that neither *Williams* nor *Russell* govern the issues presented herein.

State Farm correctly notes that *Williams* referred to a judgment debtor as a "nominal defendant" in an equitable garnishment action. *Williams*, 845 F.3d at 898. However, *Williams* was decided under different facts. As explained in *Desai v. Garcia Empire, LLC*, No. 17-CV-01055-NKL, 2018 WL 840769 (W.D. Mo. Feb. 13, 2018):

> *Williams* was removed under the Class Action Fairness Act, which permits class actions to be removed 'by any defendant without the consent of all defendants.' As such, the motion to remand in *Williams* focused exclusively on whether the claim was a class action at all. Furthermore, while *Williams* does refer to the judgment debtor as 'nominal,' it does so only in the context of analyzing whether the consent judgment was appealable. Because the issues in *Williams* are different than those in the present matter, the Eighth Circuit's use of the phrase 'nominal' in *Williams* does not suggest an intent to change consistent case law on an unrelated issue.

*Id.* at * 2 (citations omitted).[5] This Court similarly rejects State Farm's reliance on *Williams*.

As Roughton notes, *Russell* also involved different facts. *Russell*, 950 F.3d at 999-1000; (Doc. #26, p. 12.) More importantly, *Russell* decided a different jurisdictional question. In *Russell*, the issue was "whether [plaintiff's] equitable garnishment claim—brought under section 379.200—is a 'direct action' under 28 U.S.C. § 1332(c)(1)." *Id.* at 1001. Section 1332(c)(1)

---

[5] *Desai* further recognized that "§ 379.200 requires plaintiffs to join both the judgment debtor and the insurance company in equitable garnishment actions filed under the statute. The requirement remains even where, as is the case here, the parties enter into a settlement agreement pursuant to Mo. Rev. Stat. § 537.065." *Id.* at * 2 (citing and quoting *Glover*, 984 F.2d at 261).

6

Case 4:20-cv-00238-SRB   Document 28   Filed 07/27/20   Page 6 of 7

provides in relevant part that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen[.]" 28 U.S.C. § 1332(c)(1)(A).

Because the insured is joined as a party-defendant in this case, § 1332(c)(1), and *Russell*'s interpretation of it, is not applicable. Moreover, *Russell* did not overrule *Glover* or its progeny relating to the issues presented in this case. *Russell* only cited *Glover* once in a footnote. The footnote recognizes that § 379.200 "apparently require[s]" the judgment debtor be joined as a defendant, and that *Glover* "suggest[s] the same." *Russell*, 950 F.3d at 1002 n.4. At most, State Farm's arguments raise doubts about federal jurisdiction, but the Court must resolve such doubts "in favor of remand." *Transit Cas. Co.*, 119 F.3d at 625.

### IV. Conclusion

Accordingly, Plaintiff's Motion to Remand (Doc. #25) is GRANTED. This case is hereby remanded to the Circuit Court of Clay County, Missouri.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
Dated: July 27, 2020　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

7

Case 4:20-cv-00238-SRB   Document 28   Filed 07/27/20   Page 7 of 7